UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

CHRISTY STRICKLAND, et al     CIVIL ACTION NO. 04-2266

VERSUS     U.S. DISTRICT JUDGE DEE D. DRELL

COMMUNITY HEALTH SYSTEMS,
    INC., et al     U.S. MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Before the court is Defendant's Motion to Dismiss, **Doc. # 46**, referred to me by the District Judge for Report and Recommendation.

This is a suit asserting negligence claims against the companies alleged to be owners of Byrd Regional Hospital in Leesville Louisiana (Byrd). Plaintiffs complain that a staff physician at Byrd, Dr John T. Ning, who is a urologist, was not a competent physician but was allowed to practice and perform surgery at the hospital. Plaintiffs also allege that Byrd had actual knowledge of complaints against the doctor but failed to obtain consent by plaintiffs for the procedures to be performed by an incompetent physician. All plaintiffs claim damages as a result of what they claim was the incompetent and/or substandard treatment by Dr. Ning.

## **Standard of Review**

In considering a motion to dismiss, the court must assume the truth of factual allegations of the complaint and liberally

construe them in favor of the plaintiff. Nicastro v. Clinton, 882 F.Supp. 1128, *affirmed* 84 F.3d 1446. The complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Strother v. Southern California Permanente Medical Group. 79 F.3d 859 (9th Cir. Cal. 1996). In deciding the motion to dismiss, the function of the district court is to test the legal sufficiency of the complaint. City of Toledo v. Beazer Materials and Services, Inc., 833 F.Supp. 646 (N.D. Ohio 1993). This court has long held that a Rule 12(b)(6) motion may be granted as to portions of a complaint. Drewett v. Aetna Cas. & Sur. Co., 405 F.Supp. 877 (W.D. La. 1975). In accord, *see* Decker v. Massey-Ferguson, Ltd., 681 F.2d 111 (2nd Cir. 1982); Elliott v. State Farm Mut. Auto Ins. Co., 786 F.Supp. 487 (E.D.Pa. 1992).

A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Hirras v. National R.R. Passenger Corp., 10 F.3d 1142, 1144 (5th Cir. 1994), *vacated on other grounds*, 512 U.S. 1231, 114 S.Ct. 2732, 129 L.Ed.2d 855 (1994); Doe, 753 F.2d at 1102. On a motion to dismiss,

it is presumed that general allegations embrace the specific facts that are necessary to support the claim. National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 114 S.Ct. 798, 803, 127 L.Ed.2d 99 (1994), *citing* Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 2137, 119 L.Ed.2d 351 (1992).

### **Law and Analysis**

Defendants move to dismiss the plaintiffs' allegations seeking to impose liability on the hospital for its alleged failure to obtain consent to procedures by an incompetent physician. They also move to dismiss the generic allegations of plaintiffs' complaint contained in Paragraph 92(E).

Consent

Defendants argue that they have no legal duty to obtain consent by a patient at their hospital. In support they argue that, under the provisions of R.S. 40-1299.40, only the physician who will actually perform the procedure is required to obtain patient consent. Defendants cite Kelley v. Kitahama, 675 So.2d 1181 (La. App. 5th Cir. 1996) as having so held.

Plaintiffs, on the other hand, argue in brief that "the heart of plaintiffs' very limited allegations among many is that they were not warned that they were going to receive substandard treatment at the hands of an incompetent physician."

Louisiana's uniform consent law, R. S. 40:1299.40, provides that, in order for consent to be effective, a patient must be

3

advised of the nature and purpose of the procedure together with the known risks of, among other things, death, brain damage, quadriplegia, paraplegia, and loss of function of a limb or organ. Valid consent also requires that the patient has been allowed an opportunity to ask all questions about the procedure.

The statute provides that consent may be obtained in writing in accordance with subsection A or, under Subsection C, may be "other than in accordance with Subsection A", meaning, presumably, verbally with proof by parole evidence. The statute further provides in Subsection E that, "as an alternative" to consent which is evidenced in accordance with Subsections A and C, "a physician or other health care provider may choose to avail himself of the lists established by the Louisiana Medical Disclosure Panel pursuant to the provisions of this Subsection as another method by which to evidence a patient's consent to medical treatment."

The statute therefore sets forth three methods by which consent may be evidenced.

In seeking to dismiss the plaintiffs' claim that defendants should have obtained consent, defendants point to Subsection E (7)(c) and argue that the hospital had no duty to disclose risks or to obtain consent because the paragraph "does not permit anyone other than the physician or other health care provider <u>who will actually perform the procedure</u> to obtain consent of the patient." [Emphasis added].

4

A complete and careful reading of the entire statute makes clear, however, that the quoted limitation applies only to Subsection E. The limiting language "who will actually perform" is found in paragraph E.(7)(c) which states: "In order to be covered by the provisions of this Subsection [Subsection E.], the physician or other health care provider who will actually perform the contemplated medical or surgical procedure shall...." [Emphasis added]. This limiting language is not found in Subsections A or C but only in the "alternative" Subsection E which deals with use of the disclosure panel's lists. Nowhere in the statute is it stated that only the provider "who will actually perform" the procedure is required to obtain the consent required by Subsections A or C.[1]

The end result is that, if consent is obtained in accordance with the "alternative" method provided in Subsection E., only the person who actually performs the procedure is required to obtain the consent.[2]

Defendants call the court's attention to the case of Davis v. St. Charles General Hospital, 598 So.2d 1244 (La. App. 4th Cir. 1992). However, Davis stands only for the proposition that, as

---

[1] Whether this omission is a legislative oversight, or a deliberate decision to require only the person who actually performs the procedure to obtain consent, where a procedure listed on the panel's lists is concerned, is not known.

[2] Use of the "alternative method" provided by Subsection E has the advantage of creating a rebuttable presumption that consent was properly obtained. See R. S. 40:1299.40E(7)(a).

between the physician actually performing the surgery and a referring physician, only the doctor performing the procedure has a duty to obtain consent. Similarly, Baker v. Williams, 825 So.2d 563 (La. App. 3rd Cir. 2002), stands only for the proposition that a physician's assistant, acting under the supervision of a licensed doctor under applicable Louisiana statutes, is not required to obtain consent separate and apart from the physician. Defendants also refer the court to Larche v. Rodriquez 765 So.2d 388 (La. App. 4th Cir. 2000). In Larche, two physicians performed the surgery on plaintiff but only one physician obtained consent. The court held that consent extended to both physicians.[3] Finally, defendants cite Kelley v. Kitahama, 675 So. 2d 1181 (La. App. 5th Cir. 1996). The Kelley court held that, because the statute provides that only the "medical professional actually performing the procedure" obtain consent, the hospital in that case had no duty to obtain consent. However, it cannot be determined whether, in Kelley, the consent actually obtained was obtained under Subsection E. Therefore the case is of limited precedential value.

Therefore, based on a reading of the plain words of the statute, I find that unless consent is obtained by the "alternative" method of Subsection E, which requires that only the

---

[3] It is not clear from the court's opinions whether the consent obtained by the physicians performing the procedures was pursuant to the alternative method utilizing the panel's lists, or not.

6

physician actually preforming the procedure obtain consent, all providers of the medical care are required to obtain patient consent pursuant to the provisions of either Subsection A or Subsection C.[4]

On this Motion to Dismiss, no evidence is before the court; it is impossible to know under which subsection consent was obtained from each of the plaintiffs and therefore, whether the hospital is relieved of obtaining consent under Subsection E.

Regardless, however, while the statutory language may offer no defense to plaintiffs' allegations, it cannot be seriously contended by plaintiffs that the hospital should have obtained each plaintiff's consent to undergo a medical procedure by an incompetent doctor. Surely no-one presented with such a choice would consent. Instead, as plaintiffs clarify in brief, what plaintiffs are really claiming is a breach of a duty by the hospital to warn that plaintiffs would receive substandard treatment by an incompetent doctor.

<u>Failure to warn</u>

Though in-artfully drawn as regards these allegations,

---

[4] While the consents obtained from a patient by the various medical providers probably are not required to needlessly duplicate consents obtained from that patient by other medical doctors, that is an issue not presented here. While requiring more than one medical provider to obtain consent may be wasteful and unnecessary, the decision here is based on the words of the statute and not policy considerations. Any needed change must be made by the Louisiana legislature.

plaintiff's complaint is broad enough to encompass a claim for failure to warn.[5] The gist of plaintiffs' complaint as a whole is that the doctor was incompetent, the hospital knew or should have known he was incompetent, and the plaintiffs should have been told about it beforehand.

A hospital has a duty to warn of such a doctor as surely as it would have a duty to warn if it observed an obviously intoxicated doctor enter the surgery suite. Moreover, the hospital's duty to warn of an incompetent physician can certainly be no less than its duty to warn of, for example, obstacles in its doorways. See <u>Johnson v. Acadiana Medical Center, Inc</u>., 524 So.2d 811 (La. App. 3rd Cir. 1988).

Therefore, I find that, aside from its obligations regarding consent provided in R. S. 40:1299.40, as discussed above, a hospital has a duty to warn and to disclose to its patients in its hospital that it has knowledge that a physician practicing there is incompetent, or that it is aware of serious and credible complaints against the physician or knows of allegations of a history by the physician of substandard treatment. To require less would be inconsistent with the hospital's duty to its patients to "protect [them] from dangers that may result from the patient's physical and mental incapacities <u>as well as from external circumstances</u>

---

[5] In any event, plaintiffs may seek leave to amend from the court.

8

peculiarly within the hospital's control." Hunt v. Bogalusa Community Medical Center,303 So.2d 745 (La. 1974).[Emphasis added]. See also, Sibley v. Board of Supervisors of Louisiana State University, 490 So.2d 307,313 (1st Cir. 1986).

Generic allegations

Defendants also seek dismissal of the claims of plaintiffs contained in Paragragh 92(E) of the Complaint. As the allegations fail to state a claim upon which relief may be granted, those claims should be dismissed.

## Conclusion

For the foregoing reasons, it is recommended that Defendants' Motion to Dismiss the claims of Paragragh 92(E) be GRANTED. In all other respects, the Motion to Dismiss should be DENIED.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 30th day of August 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE