RECEIVED

SEP 1 2 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA,
SHREVEPORT, LOUISIANA

**UNITED STATES DISTRICT COURT
WESTERN DIVISION OF LOUISIANA
ALEXANDRIA DIVISION**

**CHRISTY STRICKLAND, ET AL.**　　　　**CIVIL ACTION NO. CV04-2266**

**VERSUS**　　　　　　　　　　　　　**JUDGE DEE DRELL**

**COMMUNITY HEALTH
SYSTEMS, INC. ET AL**　　　　　　　**MAGISTRATE JUDGE KIRK**

**OBJECTION TO MAGISTRATE'S REPORT & RECOMMENDATION DENYING
DEFENDANTS' MOTION TO DISMISS INFORMED CONSENT CLAIM**

**MAY IT PLEASE THE COURT:**

The Defendants, Community Health Systems, Inc. and Community Health Systems

professional Services Corporation, submit this memorandum of law objecting to the Report &

Recommendation of the Magistrate on the Motion to Dismiss Informed Consent Claims.

**INTRODUCTION**

Plaintiffs are former patients (and persons asserting a relational interest to patients) of Dr.

John T. Ning, an urologist who practiced medicine at Byrd Regional Hospital from December

2000 until March 2003. Plaintiffs' alleged the following:

> 92.
>
> During the relevant time period, COMMUNITY HEALTH SYSTEMS, INC. and
> COMMUNITY HEALTH SYSTEMS PROFESSIONAL SERVICES
> CORPORATION, their agents, servants, and/or employees, were guilty of certain
> acts, wrongs, and/or omissions, each and all amounting to administrative
> negligence, malicious conduct, and conduct consciously indifferent to the safety
> and welfare of plaintiffs. Said acts, wrongs, and/or omissions include, without
> limitation, the following: . . .
>
> (D)　*By failing to fully and completely disclose the risks and/or hazards of
> procedures performed by Dr. John T. Ning,* a physician Defendants knew
> or should have known was incompetent to perform these procedures;

1

The language specifically used by the Plaintiffs in this paragraph is based on the informed consent statute (La. R.S. 40:1299.40).  Defendants moved to dismiss Plaintiffs' lack of informed consent claims, asserting that these Defendants owed no duty under the informed consent statute to obtain patient's consent for medical procedures performed by physicians.  At the time that this Motion to Dismiss was filed, the only Defendants in this matter were Community Health Systems, Inc. and Community Health Systems Professional Services Corporation.  Plaintiffs simply alleged that Community Health Systems, Inc. and Community Health Systems Professional Services Corporation were the owners and operators of the hospital.[1]

As stated repeatedly in discovery responses, affidavits attached to Defendant's Motion for Summary Judgment and the abbreviated deposition of Roger Ledoux, CEO of Byrd Regional Hospital, Community Health Systems, Inc., is a holding company that owns a number of subsidiaries.  It does not operate the local hospitals such as Byrd Regional.  Community Health Systems Professional Services Corporation provides management services to local hospitals, including Byrd Regional, per contract.  It does not make medical decisions or set medical policies and procedures.  Its role is to provide services to the hospital's administrators and non-medical employees.

National Healthcare of Leesville, Inc. d/b/a Byrd Regional Hospital, is the corporation that owns and operates the hospital located in Leesville, Louisiana; it, pursuant to its Medical Staff By-Laws. Rules and Regulations, is solely responsible for the granting of Medical Staff Privileges and the investigation, disciplining and sanctioning of its physicians.  Byrd was not a

---

[1] This allegation was denied by both Community Health Systems, Inc. and Community Health Systems Professional Services Corporation.

party Defendant in this matter until Plaintiffs' counsel finally understood during the deposition of Roger Ledoux that they had sued the wrong party. But, by impleading a party whose principal place of business is in Louisiana, Plaintiffs destroyed diversity jurisdiction.

Pursuant to La. R.S. 40:2114, a hospital is responsible for organizing its own medical staff and credentialing physicians. Stockholding companies, parent corporations, and management corporations are prohibited from organizing the medical staff of a hospital. Therefore, Community Health Systems, Inc. moved for summary judgment on the basis that it is a stockholder of National Healthcare of Leesville, Inc. d/b/a Byrd Regional Hospital and is not responsible for any healthcare related decisions made at Byrd Regional Hospital.[2]

Subsequent to the filing of this Motion, Plaintiffs added National Healthcare of Leesville, Inc. d/b/a Byrd Regional Hospital as a Defendant in this matter. National Healthcare of Leesville, Inc., a Delaware corporation, has its principal place of business in Louisiana. Plaintiffs allege that the parties are not completely diverse and admit that the federal court no longer has jurisdiction. Defendants, Community Health Systems, Inc., Community Health Systems Professional Services Corporation, and National Healthcare of Leesville, Inc. d/b/a Byrd Regional Hospital have all moved to dismiss the above captioned action on the basis that this court lacks subject matter jurisdiction. *As such, this Motion to Dismiss will be rendered moot in the near future and there is no reason for this Court to render a judgment on this motion. Defendants, Community Health Systems, Inc. and Community Health Systems Professional*

---

[2] Defendant, Community Health Systems, Inc., requests that this Court take judicial notice of its Motion for Summary Judgment. Attached to this Memorandum are the affidavits attached to Community Health Systems, Inc.'s Motion for Summary Judgment. Community Health Systems, Inc., respectfully requests that these affidavits, attached herein as Exhibit A, are also considered by the Court.

*Services Corporation respectfully suggest that no further action be taken with respect to this Motion.*[3]

## LAW & ARGUMENT

1)    *Informed Consent in Louisiana*

In Louisiana, informed consent is governed by the Uniform Consent Law (La. R.S. 40:1299.40).  This statute provides for the following:

> *In a suit against a physician or other health care provider involving a health care liability* or medical malpractice *claim which is based on the failure of the physician or other health care provider to disclose or adequately to disclose the risks and hazards involved in the medical care or surgical procedure rendered by the physician or other health care provider, **the only theory on which recovery may be obtained is that of negligence in failing to disclose the risks or hazards that could have influenced a reasonable person in making a decision to give or withhold consent**.* La. R.S. 40:1299.40E(2)(a) (emphasis added).

The Plaintiffs' allegation in Paragraph 92(d) tracks the language of the Uniform Consent law almost verbatim.  As such, the only theory which the Plaintiffs may pursue under the statute is negligence in failing to disclose the risks and hazards of the <u>procedure</u> which could have influenced a reasonable person to give or withhold consent.

The Plaintiff in a lack of informed consent case must prove not only that the physician failed to disclose all material information, but also there was a causal relationship between the doctor's failure and the damages claimed by the patient. *LaCaze v. Collier*, 434 So.2d 1039 (La. 1983).  Otherwise the doctor's conduct, however wrongful, is legally inconsequential. *LaCaze, supra.*  Louisiana law does not require anyone other than the physician or other health care

---

[3] Plaintiffs have recently filed an "Ex Parte Motion to Remand, Transfer, or Dismiss" in the above captioned action, seeking this Court to immediately take action on the jurisdiction issue and complaining that the Magistrate is issuing reports and recommendations that the parties are expected to object.

provider who will actually perform the procedure to obtain the consent of the patient. See e.g.

*Davis v. St. Charles General Hospital*, 598 So.2d 1244 (La. App. 4 Cir. 1992); *Baker v.*

*Williams*, 02-67 (La. App. 3 Cir. 8/28/02), 825 So.2d 563; *Kelley v. Kitahama*, 96-45 (La. App. 5

Cir. 5/15/96), 675 So.2d 1181.

      The Magistrate notes that there are three different methods for obtaining consent for a

patient's treatment and determines in the Report and Recommendation that it is unknown as to

how consent for medical treatment was obtained.[4]  The proper issue before the Court was simply

whether "the owner" of a hospital is required to obtain the informed consent of every patient who

receives care and treatment performed by a physician at the facility.[5]  There are no published

decisions that state that a hospital, corporate owner of a hospital, or management company is

required to obtain the informed consent of patients for treatment rendered by physicians.  The

Magistrate's Report and Recommendation also does not cite any case which holds that a hospital,

corporate owner, or management company is liable for not directly obtaining the informed

consent of the patient.  The type of consent obtained by Dr. Ning is not at issue; the issue is

whether someone other than the physician can be held liable for failure to obtain informed

consent for procedures performed by that physician.

---

[4]  Plaintiffs have refused to answer discovery in this matter under the pretense that Defendants,
Community Health Systems, Inc. and Community Health Systems Professional Services Corporation, do
not have the right to propound discovery.  Plaintiffs also failed to disclose the medical records of each
and every patient-Plaintiff in initial disclosures as required by Rule 26.  As a result, Plaintiffs have not
disclosed the pertinent medical records of the patient-Plaintiffs in this case.  However, filing a Motion to
Compel at this time is futile because all parties agree that this Court does not have subject matter
jurisdiction in this matter.

[5]  In its motion for summary judgment, Community Health Systems, Inc., submitted that it was
not the owner of Byrd Regional Hospital and did not make any healthcare decisions whatsoever.

If the Magistrate's Report and Recommendation are completely adopted, then this Court would be endorsing a health care policy of mandating that nursing staff at a hospital also obtain the informed consent of a patient for procedures which are performed by physicians. Except in the most rare circumstances, nurses are not qualified to obtain such a consent and have no practical basis to satisfy the requirements of La. R.S. 40:1299.40A or La. R.S. 40:1299.40C. As a matter of public policy, Louisiana requires that the physician who is performing the procedure discuss the risks and benefits of the procedures to be performed in order for patients to make informed decisions regarding their health care. To hold that a hospital must also obtain the informed consent of a patient before a physician can perform a procedure at the hospital would only add confusion to the rendering of health care at hospitals throughout the state.

An adoption of the Magistrate's Report and Recommendation would be both contrary to the law of Louisiana and would be detrimental to the public policy of the state of Louisiana.[6] As such, this Court should not adopt the Report and Recommendation of the Magistrate. While Defendants, Community Health Systems, Inc. and Community Health Systems Professional Services Corporation would prefer that the Motion to Dismiss be granted, it respectfully requests in the alternative, that no Judgment be issued on the merits of the Motion to Dismiss Informed Consent Claims

2)      *The Vague Language of Paragraph 92(e) of the Plaintiffs' Complaint*

The Magistrate's Report and Recommendation does acknowledge that Paragraph 92(e) fails to state a cause of action against Defendants, Community Health Systems, Inc. And

---

[6] In addition, such a Judgment would also reward Plaintiffs for withholding discovery material from the Defendants in violation of Rule 26 and Rule 37 of the Federal Rules of Civil Procedure.

6

Community Health Systems Professional Services Corporation. No party disputes that this part of the Report and Recommendation should be adopted and a judgment should render herein dismissing Paragraph 92(e) of the Plaintiffs' complaint.

3)    *The Plaintiffs' "Failure to Warn Claim"*

In his Report and Recommendation, Magistrate Kirk writes, "Instead, as plaintiffs clarify in brief, what plaintiffs are really claiming is a breach of a duty by the hospital to warn that plaintiffs would receive substandard treatment by an incompetent doctor." (See p. 7 of the Magistrate's Report and recommendation). Nowhere in Paragraph 92(d) is the word "warn" or any reference to "warning" given, nor can such an inference be easily made from the paragraph. Any claim of a duty to warn is wholly separate from a claim of failure to obtain informed consent. The elements of a negligence claim for failure to warn are entirely different from the elements necessary to prove failure to obtain informed consent. These are two wholly different causes of action and should not be and are not combined in paragraph 92(d).

Magistrate Kirk found, without much discussion, that a hospital does have a duty to warn and to disclose to patients in its hospital that a physician practicing there is incompetent, or that it is aware of serious and credible complaints against the physician or knows of allegations of a history by the physician of substandard treatment. This statement against runs contrary not only to the public policy of the state of Louisiana, but also runs contrary to federal public policy and should not be adopted by this Court. If a hospital were of the opinion that one of its medical staff members were incompetent, the remedy would be to commence disciplinary proceedings agsint the physician, perhaps even a summary suspension, if indicated.

In 1986, Congress passed the Health Care Quality and Improvement Act (HCQIA) [42

7

U.S.C. 11101 et seq.].  Congress specifically found that the increasing occurrences of medical

malpractice and the need to improve the quality of medical care have become nationwide

problems and that there was a national need to restrict the ability of incompetent physicians to

move from state to state without disclosure or discovery of the physician's previous damaging or

incompetent performance.  See 42 U.S.C. §11101(1) and (2).  Because of the threat of private

money damage liability under Federal law, Congress adopted a public policy promoting and

protecting peer review as a method for remedying the problems of medical malpractice and

incompetency of physicians.  See 42 U.S.C. §11101(3)-(5).

In addition, Congress created the National Practitioner's Data Bank, which mandates

reporting of certain sanctions, settlements, and judgments against health care providers.[7]  In

creating the National Practitioner's Data Bank, Congress passed the following law:

> (b)   Confidentiality of Information
>
> (1) In general
>
> *Information reported under this part [42 USCS §§ 11131 et seq.] is considered*
> *confidential and shall not be disclosed (other than to the physician or practitioner*
> *involved) except with respect to professional review activity,* as necessary to carry
> out subsections (b) and (c) of section 425 [42 USCS § 11135(b), (c)] (as specified
> in regulations by the Secretary), or in accordance with regulations of the Secretary
> promulgated pursuant to subsection (a). Nothing in this subsection shall prevent
> the disclosure of such information by a party which is otherwise authorized, under
> applicable State law, to make such disclosure. Information reported under this part
> [42 USCS §§ 11131 et seq.] that is in a form that does not permit the
> identification of any particular health care entity, physician, other health care
> practitioner, or patient shall not be considered confidential. The Secretary (or the
> agency designated under section 424(b) [42 USCS § 11134(b)]), on application by
> any person, shall prepare such information in such form and shall disclose such
> information in such form.

---

[7] The reporting requirements under the National Practitioner's Data Bank are set forth in 42
U.S.C. §11131 through §11134, depending on the facility or entity making the report.

(2) Penalty for violations. Any person who violates paragraph (1) shall be subject to a civil money penalty of not more than $ 10,000 for each such violation involved. Such penalty shall be imposed and collected in the same manner as civil money penalty of not more than $ 10,000 for each such violation involved. Such penalty shall be imposed and collected in the same manner as civil money penalties under subsection (a) of section 1128A of the Social Security Act [42 USCS § 1320a-7a] are imposed and collected under that section.

(3) Use of information. Subject to paragraph (1), information provided under section 425 [42 USCS § 11135] and subsection (a) is intended to be used solely with respect to activities in the furtherance of the quality of health care.
42 USCS § 11137 (emphasis added)

If the Court decides to impose a duty on a hospital or medical facility to disclose information regarding the physicians' practice, the hospital would suffer the sanction of a $10,000 fine for each and every violation. The medical facility is also subject to a lawsuit by the physician for defamation, unfair and deceptive trade practice, breach of contract, a tortious interference with contract, and any other tort that an inventive attorney and an unhappy physician can allege. For instance, in *Zamanian v. Christian Health Ministry,* 97-1460 (La. App. 4 Cir. 5/20/98), 715 So.2d 57 and *Doe v. Grant,* 01-0175 (La. App. 4 Cir. 1/29/03), 839 So.2d 408,[8] the jury awarded a $6,000,000 verdict for defamation regarding the peer review proceedings of a cardiologist and the revocation of his privileges.[9]

In addition, the Magistrate fails to set out any parameters on a potential "duty to warn" in

---

[8] These two cases involve the same set of facts; however, the captions for the two cases are not the same. The *Zamanian* decision arises from the trial court's denial of the defendants' Motions for Summary Judgment. The Defendants' writ application was granted and the Fourth Circuit subsequently affirmed the trial court's denial of the Motions for Summary Judgment. The *Doe* decision is the post-trial appeal of the Plaintiff.

[9] This award was overturned on a Judgment Notwithstanding the Verdict, which was affirmed by the appellate courts.

his Report and Recommendation.  Does one malpractice claim constitute sufficient information for a hospital to warn patients regarding "physician incompetence?"  The HCQIA was created and implemented in order for hospitals and other medical facilities to determine whether physicians are competent and should be allowed privileges at a particular facility.  In order to create the National Practitioner's Data Bank, Congress chose as a tradeoff for obtaining information regarding physicians to keep the matters reported to the Data Bank confidential.  Under federal law, a hospital cannot make a disclosure as contemplated by the Magistrate's Report and Recommendation under federal law.

In addition, La. R.S. 13:3715.3 states in part:

*Notwithstanding the provisions of R.S. 44:7(D) or any other law to the contrary, all records, notes, data, studies, analyses, exhibits, and proceedings of:*

Any hospital committee, the peer review committees of any medical organization, dental association, professional nursing association, nursing home association, social workers association, group medical practice of twenty or more physicians, nursing home, ambulatory surgical center licensed pursuant to R.S. 40:2131 et seq., ambulance service company, health maintenance organization, any nationally recognized improvement agency or commission, including but not limited to the Joint Commission on Accreditation of Healthcare Organizations (JCAHO), or any committee or agency thereof, or any healthcare licensure agency of the Louisiana Department of Health and Hospitals, or healthcare provider as defined in R.S. 40:1299.41(A)(1), or extended care facility committee, including but not limited to the credentials committee, the medical staff executive committee, the risk management committee, or the quality assurance committee, any committee determining a root cause analysis of a sentinel event, established by the peer review committees of a medical organization, dental organization, group medical practice of twenty or more physicians, social workers association, ambulatory surgical center licensed pursuant to R.S. 40:2131 et seq., ambulance service company, health maintenance organization, or healthcare provider as defined in R.S. 40:1299.41(A)(1), or private hospital licensed under the provisions of R.S. 40:2100 et seq., *shall be confidential wherever located and shall be used by such committee and the members thereof only in the exercise of the proper functions of the committee and shall not be available for discovery or court subpoena regardless of where located, except in any proceedings affecting the hospital staff*

10

*privileges of a physician, dentist, psychologist, or podiatrist, the records forming
the basis of any decision adverse to the physician, dentist, psychologist, or
podiatrist may be obtained by the physician, dentist, psychologist, or podiatrist
only.* However, no original record or document, which is otherwise discoverable,
prepared by any person, other than a member of the peer review committee or the
staff of the peer review committee, may be held confidential solely because it is
the only copy and is in the possession of a peer review committee.
La. R.S. 13:3715.3

A duty to warn patients of physician conduct would also contravene the confidentiality

provisions of this statute. The investigatory process and peer review of physician conduct was

created in order for facilities to determine the competency of physicians. Imposing a duty to

warn patient of physician conduct would necessitate the dissolution of the peer review process

and leave hospitals unable to provide the care necessary to provide patients proper treatment.

At a minimum, the Plaintiffs should be required to specifically plead any duty to warn,

which would be governed by the general negligence analysis. However, based on the HCQIA

and the Louisiana peer review statute, a duty to warn patients of a physician's conduct should not

be imposed on medical facilities. No published Louisiana decision has ever imposed such a duty

on a medical facility. The "failure to warn" section of the Magistrate's Report and

Recommendation must not be adopted by this Court.

**CONCLUSION**

A judgment need not be rendered on the Motion to Dismiss filed by Defendants,

Community Health Systems, Inc. and Community Health Systems Professional Service

Corporation. Because Plaintiffs added National Healthcare of Leesville, Inc. d/b/a Byrd Regional

Hospital, a Delaware corporation with its principal place of business in Louisiana, as a

Defendant, complete diversity was destroyed. This Court no longer has jurisdiction over the

11

Plaintiffs' action.

The issue before the Court is *not* whether a hospital has a duty to obtain informed consent for procedures performed by physicians who have staff privileges at the facility. *Rather, the issue is whether a holding company [Community Health Systems, Inc.] or a management company [Community Health Systems Professional Services Corporation] has such a duty.* No Louisiana court has imposed such a duty on a medical facility, *much less parent or management companies.* The imposition of such a duty would contravene the public policy of the state of Louisiana and ignore the jurisprudence of Louisiana. The imposition of such a duty would also negatively impact a hospital's ability to provide adequate care and treatment of patients and challenge the authority of physicians to adequately inform patients of their medical options.

The Court has created a negligence claim of "failure to warn" from Paragraph 92(d) of the Plaintiffs' complaint where such a claim has not been pled. The Magistrate also imposes a "duty to warn patients" regarding physician conduct on hospitals. Such a duty does not exist on hospitals and has not been imposed by any court in Louisiana. In addition, the Health Care Quality Improvement Act specifically forbids the disclosure of information regarding physicians regarding conduct reportable to the National Practitioner's Data Bank, except to the physician or the medical facility. Each and every professional action sanction, malpractice settlement, and/or adverse judgment is reportable to the National Practitioner's Data Bank. The medical facility is liable to be sanctioned $10,000 for each and every violation of 42 U.S.C. §11137. The Louisiana peer review statute mandates that any action taken by a hospital or hospital committee, including actions taken by committees reviewing physician conduct, is confidential and not subject to

12

discovery. To impose a "duty to warn patients" on a hospital would completely erode the peer review system, a system which Congress endorses to prevent incompetent physicians from moving from state to state. At a minimum, the Plaintiffs should be required to specifically plead any "failure to warn" negligence claim. In addition, this Court should not adopt the "Failure to Warn" section of the Magistrate's Report and Recommendation under any circumstances.

For the above and foregoing reasons, the Magistrate's Report and Recommendation should not be adopted and, instead, the Motion to Dismiss filed on behalf of Community Health Systems, Inc. and Community Health Systems Professional Services Corporation should be GRANTED.

Respectfully submitted:

**PROVOSTY, SADLER, deLAUNAY, FIORENZA & SOBEL**

Frederick B. Alexius, Esq. (#2380)
John D. Ryland, Esq. (#20355)
Jeremy C. Cedars, Esq. (#27992)
934 Third Street, Suite 800
P. O. Drawer 1791
Alexandria, LA  71309-1791
Telephone: (318) 445-3631
Facsimile: (318) 445-9377
**ATTORNEYS FOR DEFENDANTS, COMMUNITY HEALTH SYSTEMS, INC. AND COMMUNITY HEALTH SYSTEMS PROFESSIONAL SERVICES CORPORATION**

13

# UNITED STATES DISTRICT COURT
## WESTERN DIVISION OF LOUISIANA
### ALEXANDRIA DIVISION

CHRISTY STRICKLAND, ET AL.                CIVIL ACTION NO. CV04-2266

VERSUS                                            JUDGE DEE DRELL

COMMUNITY HEALTH
SYSTEMS, INC. ET AL                         MAGISTRATE JUDGE KIRK

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing  Objection to Magistrate's Report & Recommendation Denying Defendants' Motion to Dismiss Informed Consent Claim was served upon all counsel of record by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Mr. Scott Iles
P.O. Box 3385
Lafayette, Louisiana 70502
1200 West University Avenue
Lafayette, Louisiana 70506

Jane S. Brown
Jill S. Chatelain
490 Park Street
P.O. Box 4905
Beaumont, Texas 77704

Alexandria, Louisiana, this _____9th_____ Day of  September, 2005.

_____
COUNSEL

14

# PROVOSTY, SADLER, deLAUNAY, FIORENZA & SOBEL

## A PROFESSIONAL CORPORATION

WILLIAM H. deLAUNAY, JR.
ALBIN A. PROVOSTY
H. BRENNER SADLER[1]
RONALD J. FIORENZA
DAVID R. SOBEL[2]
FREDERICK B. ALEXIUS
ANDREW E. SCHAFFER
JOSEPH J. BAILEY
H. BRADFORD CALVIT
JOHN P. DOGGETT[3]
CATHERINE G. BRAME
JOHN D. RYLAND
BARRY RAY LAICHE

RICKY L. SOOTER, SPECIAL COUNSEL
DAPHNE R. ROBINSON, OF COUNSEL
JOSEPH R. MARTIN[4,8], OF COUNSEL
E. TRENT McCARTHY, OF COUNSEL

DAVID W. LAMBERT[2]
JEREMY C. CEDARS
ZEBULON M. WINSTEAD[5]
JAMES W. STANDLEY, III
NUMA V. METOYER, III

**ALEXANDRIA MAIN OFFICE**
934 THIRD ST., SUITE 800
P.O. BOX 1791
ALEXANDRIA, LOUISIANA 71309-1791
TELEPHONE (318) 445-3631
TELEFAX (318) 445-9377
E-MAIL: attys@provosty.com

**ALEXANDRIA REAL ESTATE OFFICE**
3600 JACKSON ST., SUITE 106A
ALEXANDRIA, LOUISIANA 71303
TELEPHONE (318) 445-3631
TELEFAX (318) 561-9945
E-MAIL: attys@provosty.com

**NEW ORLEANS LLC OFFICE**
POYDRAS CENTER
650 POYDRAS ST., SUITE 2700
NEW ORLEANS, LOUISIANA 70130
TELEPHONE (504) 410-2795
TELEFAX (504) 410-2796
E-MAIL: attys@provosty.com

LeDOUX R. PROVOSTY (1894-1980)
RICHARD B. SADLER, JR. (1912-1990)
LeDOUX R. PROVOSTY, JR. (1930-1995)

PROVOSTY, SADLER, deLAUNAY,
FIORENZA & SOBEL, NEW ORLEANS, LLC[6,7]

HENRY ST. PAUL PROVOSTY[8]
EDGAR D. GANKENDORFF[8]
WALTER R. WELLENREITER
CHRISTOPHE B. SZAPARY
ERIC R BELIN

[1] BOARD CERTIFIED IN TAXATION
[2] ALSO ADMITTED IN TEXAS
[3] ALSO ADMITTED IN GEORGIA
[4] ALSO ADMITTED IN TENNESSEE
[5] ALSO ADMITTED IN MISSISSIPPI
[6] A WHOLLY OWNED SUBSIDIARY
[7] A PROFESSIONAL LIMITED LIABILITY COMPANY
[8] A PROFESSIONAL LAW CORPORATION

September 9, 2005

# RECEIVED

SEP 1 2 2005

Honorable Robert H. Shemwell
Clerk, Western District of Louisiana
1167 U.S. Courthouse
300 Fannin Street
Shreveport, LA 71101-3083

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

Re: Christy Strickland, et al. vs. Community Health Systems, Inc., et al
Civil Action No. CV04-2266    Western Dist of LA.–Alexandria Division
Our File: 04-4187.126

Dear Mr. Shemwell:

Enclosed for filing in the above captioned matter on behalf of Community Health Systems, Inc. and Community Health Systems Professional Services Corporation are the following documents:

(1) Objection to Magistrate's Report & Recommendation Denying Defendants' Motion to Dismiss Informed Consent Claim;

(2) Memorandum in Support of Magistrate's Report and Recommendation on Plaintiffs' Motion on the Pleadings; and

(3) Objection to Magistrate's Order Pretermitting Community Health Systems, Inc.'s Motion for Summary Judgment.

After filing into the record, please return a time/date stamped copy of each to me for my records.

PROVOSTY, SADLER, deLAUNAY,
FIORENZA & SOBEL

Frederick B. Alexius
Jeremy C. Cedars

JCC/sd
Enc.
cc w/enc: Hon. Dee D. Drell/Hon. James D. Kirk
          Mr. Scott Iles
          Ms. Jill Chatelain
          Ms. Jennifer Peters (via e-mail)
          Ms. Dayna Hulme (via e-mail)
          Mr. Roger LeDoux/Mr. Marcelle Slaughter