UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| CHRISTY STRICKLAND, et al. | CIVIL ACTION NO. 04-2266-A |
|---|---|
| -vs- | JUDGE DRELL |
| COMMUNITY HEALTH SYSTEMS, INC., et al. | MAGISTRATE JUDGE KIRK |

R U L I N G

This case comes before the Court in a multifaceted posture. Originally, this suit was properly filed on the basis of diversity pursuant to 28 U.S.C. § 1332, naming as defendants Community Health Systems, Inc. and Community Health Systems Professional Services Corporation. Defendants then moved to dismiss the case (Doc. 46) and filed a motion for summary judgment as well (Doc. 50). Plaintiffs also moved for judgment on the pleadings (Doc. 34). All three of these motions were referred to the magistrate judge for report and recommendation on August 17, 2005.

In the interim between the three motions and reference to the magistrate judge, Plaintiffs sought and were granted amendment of the petition to add National Healthcare of Leesville, Inc. ("National") as a co-defendant. With and following that amendment, parties on both sides noticed that National had a

single principal place of business in Louisiana, and have pointed out that this, now stipulated, fact destroys this Court's diversity jurisdiction. The arguments were particularly memorialized in a second motion to dismiss by all three defendants (Doc. 63) and in a very unusual "Ex Parte Motion to Remand, Transfer, or Dismiss" filed by Plaintiffs (Doc. 72). The Document 72 "Motion" was not considered by the Court because of its ex parte nature and the posture of the case.

The parties are accurate in this argument for lack of diversity and so the Court also notices, sua sponte, that the matter cannot continue here. It is established indeed that dual citizenship for a corporation may destroy diversity. See Harrison v. Prather, 404 F. 2d 267 (5th Cir. 1968). See also In re: Balfour MacLaine Intern. Ltd., 85 F. 3d 68 (2d Cir. 1996). The established fact that National has its principal place of business in Vernon Parish, Louisiana means that complete diversity no longer exists.

Further, though we have a number of motions filed before the problem with diversity jurisdiction ripened, the jurisdictional issue primes any further consideration of those motions by the Court. The only remaining inquiry is what disposition to make at this time. Plaintiff would wish for us to transfer this case back to state court. Defendants say that dismissal is the only available remedy.

It is salient at this juncture to note that this case was filed here originally and did not arrive by removal from state court. Thus, remand is not an available

disposition; there is no other court of origin.  Likewise, as pointed out aptly by Defendants, there is no provision allowing us to "transfer" this case to another jurisdiction willy-nilly.  The third option, dismissal, is the only available one, as required by Fed. R. Civ. P. 12(h)(3), which provides:  "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

Under these circumstances, further consideration of the case must cease. Therefore, the Court declines to rule and/or comment on the magistrate judge's reports and recommendations (Docs. 65 and 66), the magistrate judge's order (Doc. 67),  and all other pending motions [Docs. 34, 46, 50, 72, 75, and 79 (to the extent it requests relief)] and they, like this action, in toto, will be DISMISSED at this time pursuant to the request in the last motion to dismiss (Doc. 63).  A separate judgment will issue accordingly.

SIGNED on this 28th day of October, 2005, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge